# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN M. HILL, | Civil Action No.: 2:13-cv-388 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **PURSUANT TO 47 U.S.C. § 227 ET SEQ.** |
| | **(TELEPHONE CONSUMER** |
| HOMEWARD RESIDENTIAL, INC. f/k/a | **PROTECTION ACT)** |
| AMERICAN HOME MORTGAGE | |
| SERVICING, INC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Stephen M. Hill alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages resulting from the illegal actions of Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. ("AHMSI") (hereinafter referred to as "Homeward" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Defendant has violated the TCPA by contacting Plaintiff on his cellular telephone for non-emergency purposes via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without his prior express consent within the meaning of the TCPA.

1

2. Plaintiff also brings this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. § 1345.01, *et seq*.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Counts One and Two pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

4. This Court has supplemental jurisdiction over Count Three pursuant to 28 U.S.C. § 1367 because it involves the same case or controversy.

5. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Ohio, and this lawsuit arises out of acts which occurred in Ohio.

6. Venue is proper in the United States District Court for the Southern District of Ohio because Homeward conducts business in this District, the acts which gave rise to this lawsuit occurred in this District, and Plaintiff resides in this District. Further, Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Plaintiff's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

7. Plaintiff Stephen M. Hill is, and at all times mentioned herein was, an individual citizen of the State of Ohio, who resides in Delaware, Ohio.

8. Defendant Homeward is a mortgage servicing firm also involved in the acquisition, purchase, sale and securitization of residential mortgages. According to its website, Homeward is the 13th largest mortgage servicer in the United States.

9. Defendant Homeward is based in Coppell, Texas, with offices in Addison, Texas, Jacksonville, Florida, Mount Laurel, New Jersey and Pune, India.[1]

10. At all times relevant to this Complaint, Plaintiff was and is a "consumer" under the meaning of R.C. § 1345.01 (D).

11. At all times relevant to this Complaint, Defendant Homeward is and was a "supplier" under the meaning of R.C. § 1345.01 (C).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."

14. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

17. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of

---

[1] https://www.gohomeward.com/servicing/homeward_aboutus.asp

3

a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

18.   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTUAL ALLEGATIONS

19.   Mr. Hill is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.   In or around 2003, Mr. Hill refinanced his mortgage with Jordan West Companies, Ltd.

21.   Mr. Hill did not give Homeward his consent to be called on his cell phone during the 2003 refinance transaction that gave rise to his current mortgage debt.

22.   Mr. Hill obtained his current cellular phone number, 740-816-7321, from Verizon Wireless in or around 2006.

23.   Homeward, as AHMSI, began servicing Mr. Hill's mortgage in or around 2008.

24.   Plaintiff's loan is, and at all times mentioned herein was, a "consumer transaction" under the meaning of R.C. § 1345.01(A).

25.   Defendant is, and at all times mentioned herein was, subject to the Ohio CSPA, R.C. § 1345.01, *et seq*.

26.   Beginning in or around March September 2010, Homeward, as AHMSI, repeatedly contacted Plaintiff on his cellular telephone with an automated message.

27.   In or around May 2012, AHMSI changed its name to Homeward Residential.

28.   Defendant Homeward is liable for AHMSI's actions as its successor.

4

29. Beginning in or around July 2012 and through 2012, Homeward repeatedly contacted Plaintiff on his cellular telephone with an automated message.

30. Mr. Hill received repeated, harassing calls; for more than two years, and he has been called more than thirty times per week by Defendant during some weeks.

31. Between the hours of 8:00am and 8:00pm alone, for example, Mr. Hill often received three to five calls per day on his cellular phone from Defendant with a prerecorded message.

32. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

33. Defendant has employed an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to contact Plaintiff on his cellular telephone.

34. Similarly, Defendant has employed "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A) to communicate with Mr. Hill on his cellular telephone.

35. The telephone number that Defendant used to contact Mr. Hill, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

36. "During the transaction that resulted in the debt owed," Mr. Hill did not provide express consent to Defendant to receive prerecorded calls by Defendant on his cellular telephone.

37. Mr. Hill did not provide "express consent" allowing Defendant to place telephone calls to Mr. Hill's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

5

38. Defendant did not make telephone calls to Mr. Hill's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

39. Defendant did not employ an "automatic telephone dialing system," to make telephone calls to Mr. Hill's cellular phone "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

40. Defendant's telephone calls to Mr. Hill's cellular phone utilizing an "artificial or prerecorded voice" for non-emergency purposes and in the absence of Mr. Hill's prior express consent to Defendant, violated 47 U.S.C. § 227(b)(1)(A).

41. Likewise, Defendant's telephone calls to Mr. Hill's cellular phone placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Mr. Hill's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

42. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Mr. Hill provided express consent within the meaning of the statute.

43. Defendant acted willfully, knowingly, and without regard to the TCPA when it initiated the calls described above.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**

44. Mr. Hill incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. Mr. Hill was injured by Defendant's conduct in receiving the illegal telephone calls and Defendant is liable to Mr. Hill for these violations.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Mr. Hill is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

48. Treble damages, pursuant to 47 U.S.C. § 227(b)(3), are to be awarded at the trial judge's discretion, as the Supreme Court of Ohio has declared in *Carvat v. Ryan*, 116 Ohio St. 3d 394, 879 N.E.2d 765 (2007), made available for public inspection under "treble damages" prior to this action. *Charvat v. Ryan*, PIF 10002486 (December 1, 2008).

http://opif.ag.state.oh.us/Secured/casedetail2.aspx?issueID=3370&pif=10002486

49. Mr. Hill is also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 et seq.

52. Mr. Hill was injured by Defendant's conduct in receiving the illegal telephone calls and Defendant is liable to Mr. Hill for these violations.

53. As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Mr. Hill is entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Mr. Hill is also entitled to an award of attorneys' fees and costs.

### THIRD COUNT

### VIOLATIONS OF OHIO'S CONSUMER SALES PRACTICES ACT R.C. § 1345.01 ET SEQ.

55. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Defendant's actions described in Counts One and Two and the Factual Allegations of this Complaint are unfair or deceptive practices in violation of the CSPA, R.C. 1345.02.

57. Defendant's actions described in Counts One and Two and the Factual Allegations of this Complaint are unconscionable consumer sales acts or practices in violation of the CSPA, R.C. 1345.03.

58. Defendant's actions described in Counts One and Two and the Factual Allegations of this Complaint were committed with knowledge within the meaning of R.C. 1345.01(E).

59. Violating the TCPA has been determined by this Court to violate the CSPA, and that decision was made available for public inspection under 47 USC 227(b)(3), 47 USC 227(c)(5)(A). *Charvat v. NMP, LLC*, PIF 10002902 (October 15, 2012).

http://opif.ag.state.oh.us/Secured/casedetail2.aspx?issueID=3717&pif=10002902

60. Defendant is liable to Plaintiff for actual economic damages, up to $5,000 in non-economic damages, attorney's fees, and costs pursuant to R.C. 1345.09(F).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant:

A. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, $1,500 for each and every call that violated the TCPA;

B. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks at least $500 in statutory damages for each and every call that violated the TCPA;

C. As a result of Defendant's violations of R.C. 1345.01, et seq., Plaintiff seeks at least $5,000 pursuant to R.C. 1345.09(A) for TCPA violations.

D. An award of attorneys' fees and costs to counsel for Plaintiff;

F. Such other relief as the Court deems just and proper.

Dated: April 23, 2013                                Respectfully Submitted,


/s/ Troy Doucet
Troy J. Doucet, Trial Counsel (0086350)
DOUCET & ASSOCIATES, INC
4200 Regent Street, Suite 200
Columbus, OH  43219
(614) 944-5219 PH
(818) 638-5548 FAX
Troy@TroyDoucet.com
*Attorney for Plaintiff Stephen M. Hill*

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

/s/ Troy Doucet
Troy J. Doucet, Trial Counsel (0086350)

9