**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHEN M. HILL,** | ) | CASE NO. 2:13-CV-00388 |
| | ) | |
| Plaintiff, | ) | JUDGE GREGORY L. FROST |
| | ) | |
| v. | ) | MAGISTRATE MARK R. ABEL |
| | ) | |
| **HOMEWARD RESIDENTIAL, INC.** | ) | |
| **FKA AMERICAN HOME** | ) | **STIPULATED CONFIDENTIALITY** |
| **MORTGAGE SERVICING, INC.** | ) | **AND PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

To prevent disclosure of valuable trade secrets and/or other confidential research, development and/or commercial information, documentation and data, all parties have agreed to the following Stipulated Confidentiality and Protective Order ("Order").  It is therefore ORDERED that:

1. This Order shall govern all "Confidential Material" (as hereinafter defined in paragraph 2) produced or otherwise made available in or during the course of discovery in this action by any party, person or entity in response to any discovery in this case.

2. Whenever, in the opinion of a party or its respective counsel, a discovery response would reveal information or documents that the party or its respective counsel have reason to believe is not known or available to the public and which the party or its respective counsel believes constitutes proprietary information, confidential information and/or trade secrets, the party or its respective counsel shall have the right to designate such information as Confidential Material.  The parties and their respective counsel hereby agree that they shall keep the Confidential Material confidential pursuant to the terms of this Order.

3. In the event of any dispute regarding the secret, confidential or proprietary nature of any document, demonstrative materials, information or testimony designated Confidential Material, the question shall be presented to the Court for determination and no disclosure of the designated information shall be made until the Court has rendered a decision concerning the secrecy or confidentiality of same.

4. Prior to the transmission of a physical copy of any Confidential Material to a party or its counsel requesting such Confidential Material, the designation of Confidential Material shall be made by a suitable marking on (a) the first page of a document, or (b) the first page of any designated portion of a deposition transcript, or (c) depending on the form such information takes, any other suitable way of identifying the information as Confidential Material. Any information identified as Confidential Material, copies thereof, information contained therein, and any summaries, charts or notes made therefrom, shall be considered and treated as Confidential Material.

5. Confidential Material produced or otherwise made available in or during the course of discovery shall be disclosed only to:

(a) the parties to this Order;

(b) attorneys for the parties to this Order and the attorneys' regular support staff;

(c) court personnel, subject to paragraph 8;

(d) incidentally to independent court reporters and persons engaged in the business of reproducing documents, with appropriate admonitions as to the confidentiality of the disclosed material;

(e) when necessary, to witnesses and deponents in this action while testimony is being elicited on the record or while the deponent or witness is being prepared to testify,

provided that such person first agrees on the record or as in subsection (f) below to be bound by the terms of this Order; or

(f) to experts assisting a party to this Order, which experts shall be bound by the terms of this Order, and shall signify in writing by fixing their signature to a copy of this Order, their knowledge of and agreement to the terms of this Order prior to any disclosure to them; provided, however, that with respect to those persons and entities listed in subparagraphs (a), (b), (e) and (f) above, all Confidential Material, including copies and summaries thereof, shall remain in the office of the counsel for the party receiving such Confidential Material, unless otherwise agreed to by counsel.

6. No copies of Confidential Material shall be made except by or on behalf of attorneys representing parties to this Order.

7. The production or other disclosure in or during the course of discovery of any document or other discovery material under this Order shall be without prejudice to any claim that the material is privileged or protected from discovery as work product, and the party producing such document or other discovery material shall not be held to have waived any rights by such production or disclosure. Any documents or other discovery material produced or otherwise made available in the course of discovery with respect to which a claim of privilege or work product is subsequently upheld by the Court upon considering the issue, shall be returned immediately to the party producing such document or other discovery material, or to their counsel, or any section of a document with respect to which such a claim is upheld shall be expunged. The Court's determination will be made without regard to the fact that the document has been produced or otherwise made available in the course of discovery pursuant to the terms of this Order, or has been inadvertently disclosed.

8. If a party wants to file with the Court a pleading, motion or other paper disclosing any Confidential Material, that party shall file a motion for leave to file the pleading, motion or other paper under seal. Southern District of Ohio L.R. 79.3(a)(2). Said information shall, however, continue to be available to the Court and to such persons permitted access to such information under this Order. Where possible, only the confidential portions of filings with the Court shall be filed under seal. When there is confidential information in a brief, in addition to the sealed brief counsel should also file a public version of the brief that redacts the confidential information.

9. All documents and other materials produced in this matter as a consequence of discovery proceedings shall be used for purposes of this litigation only and for no other purposes.

10. At the conclusion of this case, attorneys of the parties to this Order may retain copies of any non-Confidential Material. Nothing herein prevents attorneys of the parties to this Order from retaining multiple copies of non-Confidential Material. Upon request of the producing party, all copies of Confidential Material (including all copies, extracts, abstracts, charts and summaries of the Confidential Material) shall be returned by counsel of record to the producing party that provided the documents, with a certification that all such material has been returned or, alternatively, counsel of record may submit a certification that all such material has been destroyed. The obligation on attorneys of the parties to this Order to maintain the confidentiality of materials designated as Confidential Material under this Order shall be deemed continuing, and shall not be waived even if the producing party does not request that the Confidential Material be returned.

11. All objections as to admissibility into evidence of the information produced subject to this Order are reserved until trial of this case. The use of Confidential Material as evidence at

trial shall be subject to such Order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

12. In the event of any breach of this Order, the party improperly disclosing any Confidential Material shall indemnify and hold harmless the party that produced such Confidential Material from any and all damages resulting from any such breach including, without limitation: actual damages; consequential damages; damages for any claims for libel, slander, invasion of privacy, or any similar tort claim; and payment of any related attorneys' fees.

13. Nothing in this Order shall be deemed to preclude any of the parties from obtaining an order modifying the terms of this Order or establishing additional protection with respect to the confidentiality of specific documents, discovery materials, or other subject matter.

Dated:  March 5, 2014 /s/ *Kimberly Y. Smith Rivera*
Kimberly Y. Smith Rivera (0066849)
James S. Wertheim (0029464)
McGlinchey Stafford
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Telephone: (216) 378-9905
Facsimile:  (216) 378-9910
kyrivera@mcglinchey.com
jwertheim@mcglinchey.com

*Counsel for Defendant*

Dated:  March 5, 2014 */s/ Bridget M. Wasson*
Bridget M. Wasson (0084457)
Doucet & Associates Co., L.P.A.
700 Stonehenge Parkway
Dublin, OH  43017
Telephone:  (614) 944-5219
Facsimile:  (818) 638-5548
bridget@troydoucet.com

*Counsel for Plaintiff*

**IT IS SO ORDERED**

**s/Mark R. Abel**
**United States Magistrate Judge**

671090.3

6