IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHEN M. HILL,** | ) | CASE NO. 2:13-CV-00388 |
| | ) | |
| Plaintiff, | ) | JUDGE GREGORY L. FROST |
| | ) | |
| v. | ) | MAGISTRATE MARK R. ABEL |
| | ) | |
| **HOMEWARD RESIDENTIAL, INC.** | ) | |
| **FKA AMERICAN HOME** | ) | **DEFENDANT'S OBJECTION TO** |
| **MORTGAGE SERVICING, INC.** | ) | **PLAINTIFF'S NOTICE OF TRIAL** |
| | ) | **DEPOSITION** |
| Defendant. | ) | |

As this Court observed only hours ago, "Plaintiff has again conflated the procedures of Federal Rule of Civil Procedure 30(b)(6) with Rule 45 practice." Order at ECF #45. Plaintiff Stephen M. Hill previously filed two Rule 30(b)(6) deposition notices disguised as Rule 45 trial subpoenas. Now, he's served a Rule 45 trial subpoena disguised as a Rule 30(b)(6) deposition notice. Plaintiff's "Notice of Trial Deposition" is improper in every way, and Defendant Homeward Residential, Inc. fka American Home Mortgage Servicing, Inc., respectfully objects to it and requests that the Court overrule it and find it ineffective on its face.

Respectfully Submitted:

/s/ *Kimberly Y. Smith Rivera*
Kimberly Y. Smith Rivera (0066849)
Candice L. Musiek (0085924)
James S. Wertheim (0029464)
**McGlinchey Stafford**
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Phone:  (216) 378-9905
Fax:  (216) 378-9910
kyrivera@mcglinchey.com
cmusiek@mcglinchey.com
jwertheim@mcglinchey.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHEN M. HILL,** | ) | CASE NO. 2:13-CV-00388 |
| | ) | |
| Plaintiff, | ) | JUDGE GREGORY L. FROST |
| | ) | |
| v. | ) | MAGISTRATE MARK R. ABEL |
| | ) | |
| **HOMEWARD RESIDENTIAL, INC.** | ) | MEMORANDUM IN SUPPORT OF |
| **FKA AMERICAN HOME** | ) | DEFENDANT'S OBJECTION TO |
| **MORTGAGE SERVICING, INC.** | ) | PLAINTIFF'S NOTICE OF TRIAL |
| | ) | DEPOSITION |
| Defendant. | ) | |

In the past two-and-one-half weeks, Plaintiff Stephen M. Hill has served two purported trial subpoenas on Defendant Homeward Residential, Inc. fka American Home Mortgage Servicing, Inc. This Court found those purported trial subpoenas invalid on their face for numerous reasons. Plaintiff has now filed a "Notice of Trial Deposition"—purportedly under Rule 30(b)(6)—months after discovery was closed. His latest effort fails for all the same reasons his prior efforts failed, and more.

## LAW AND ARGUMENT

As Homeward has now twice pointed out, Civil Rule 30 falls under Title V, the "Disclosures and Discovery" portion of the Civil Rules. Civil Rule 45 falls under Title VI, the "Trials" portion of the Civil Rules. Civil Rule 30 applies to *discovery*. Civil Rule 45 applies to *trials*. Discovery in this case has been *closed* since February 28, 2014. Prelim. Pretrial Order, ECF No. 10. Mr. Hill's latest effort to obtain *trial* testimony by way of a *discovery deposition*—a deposition he evidently intends to take *at trial*—fails.

In its Order issued this very day at 10:43 a.m., this Court quashed Mr. Hill's purported trial subpoena because: "Plaintiff is incorrectly seeking to issue a trial subpoena to an unnamed

1

corporate representative,... the subpoena does not comply with the geographical limitations set forth in Federal Rule of Civil Procedure 45(c)(1),… the subpoena fails to provide Defendant a reasonable time in which to comply, and… Plaintiff failed to tender the Rule 45(b)(1) fee." Order at p. 1.

Not two hours later, at 12:34 p.m., Mr. Hill filed his "Notice of Trial Deposition," seeking the appearance of a "corporate representative" in courtroom 169 of this Court, on October 20, 2014, at 9:00 a.m., the very date, place, and time that trial is scheduled to begin. Mr. Hill apparently now believes that if he renames his Rule 45 trial subpoena a Rule 30(b)(6) deposition notice, then: he does not have to properly name an individual to testify, he does not have to comply with the geographical limitations set forth in Rule 45, he does not have to allow a reasonable time to comply, and he does not have to tender the fees required by Rule 45. If that were true, all subpoenas that should be issued under Rule 45 would be issued under the much less burdensome Rule 30 instead.

The current effort is perhaps the most egregious of all. Discovery is closed, any notice under Rule 30 is untimely and inappropriate. The current notice allows _less than two business days to comply_, The current notice apparently presumes that this Court will allow Mr. Hill to take a "deposition" during a long-ago scheduled trial. Not to mention the repeat failures of geographical limitations and absence of required fees.

As this Court observed just hours ago, "Perhaps most significantly, Plaintiff has again conflated the procedures of Federal Rule of Civil Procedure 30(b)(6) with Rule 45 practice." Order at p. 1. Plaintiff has now done it yet a third time. He cannot turn a Rule 45 subpoena into a Rule 30(b)(6) deposition notice any more than he can turn a Rule 30(b)(6) deposition notice into a trial subpoena. His latest effort fails for all of the same reasons his prior two efforts failed.

## **CONCLUSION**

For the foregoing reasons, Homeward objects to Plaintiff's Notice of Trial Deposition, and asks this Court to overrule it and find it ineffective on its face.

Respectfully Submitted:

/s/ *Kimberly Y. Smith Rivera*
Kimberly Y. Smith Rivera (0066849)
Candice L. Musiek (0085924)
James S. Wertheim (0029464)
**McGlinchey Stafford**
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Phone:  (216) 378-9905
Fax:  (216) 378-9910
kyrivera@mcglinchey.com
cmusiek@mcglinchey.com
jwertheim@mcglinchey.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendant's Objection to Plaintiff's Notice of Trial Deposition* was served upon all parties of record by the Court's electronic filing system this 16th day of October, 2014.

                                              */s/ Kimberly Y. Smith Rivera*
                                              Kimberly Y. Smith Rivera